## Drane v. Casey-Foree Company.

(Decided May 18, 1923.)

### Appeal from Henry Circuit Court.

Reference—Judgment Not Reversed Because Issues Raised Accounts too Complicated for Jury, Where no Motion to Refer Made.—Where an action between a building contractor and the owner involved numerous issues as to the contract between the parties and its breach and as to claims for extras, a judgment for the contractor, rendered on a verdict after the jury had been properly instructed as to all the issues, will not be reversed, because the numerous complicated accounts and issues were such as should

not have been submitted to a jury, if neither party had made a motion to have them referred to a commissioner for settlement.

H. K. BOURNE, EDWARDS, OGDEN & PEAK and WILLIS & TODD for appellant.

TURNER & TURNER and W. B. MOODY for appellee.

Opinion of the Court by Turner, Commissioner— Affirming.

In August, 1917, appellee, contractor, entered into a verbal contract with appellant to erect for her on her property in Henry county a dwelling house according to certain plans and specifications. The agreed price was five thousand dollars as alleged by plaintiff, and forty-nine hundred dollars as claimed by defendant.

In the petition plaintiff alleges it was agreed when the contract was entered into that if defendant desired any changes in the plans such changes should be made by plaintiff and defendant was to pay therefor the reasonable value, and that under this agreement and at the special instance and request of defendant plaintiff did furnish in the erection of said house extras not included in the original plans, to the value of $1,052.55. The plaintiff's pleadings admit the payment by defendant to it of something over forty-two hundred dollars and prays judgment for nineteen hundred dollars as a balance.

In the answer and counterclaim it is denied that defendant completed the building according to the plans and specifications or that plaintiff furnished extras thereon at defendant's special instance and request in excess of three hundred and sixty-six dollars. By way of counterclaim it is alleged that defendant had paid plaintiff $5,408.93 for the erection of said house which, as alleged, was an overpayment of $189.61, for which she prays judgment. A large part of this alleged payment consists of a detailed statement of numerous small items all of which are contested, and many of which were paid out by defendant after the building had been turned over to her by the contractor, as she says, for the remedying of defects because of his failure to erect same according to the contract, while plaintiff claims they were paid out by her on her own account in an effort to further improve her property and with which he had nothing to do.

The counterclaim further asks for damages in the sum of fifteen hundred dollars because of the alleged failure of the plaintiff to properly construct the building according to the plans and specifications, and many detailed instances are pointed out in the pleading wherein it is alleged he did not comply with the same. She also asks for three hundred and fifty dollars in damages because of the plaintiff's alleged failure to complete the house in six weeks under the terms of the contract, as claimed by her.

It is asserted by the plaintiff that it caused to be prepared by an architect certain plans and specifications under which the building was to be constructed, but failed to have copies of the same made; while it is claimed by the defendant that she herself made certain rough plans under and by which the building was to be constructed.

These various issues of fact were submitted by the court to a jury in instructions, necessarily lengthy, going into the details of all these transactions, and the jury found a verdict of fifteen hundred dollars for the plaintiff, and motion for a new trial having been denied the defendant appealed.

Evidence was taken upon every contested claim and upon every issue made by the pleadings, and while it is very reasonably suggested by counsel that the numerous complicated accounts and issues were such as should not have been submitted to a jury, but should have been referred to a commissioner for settlement, we fail to find in the record any motion entered by either party looking to that end.

There is not presented, nor is there argued in the briefs, a single question of law. Litigation growing out of building contracts almost invariably presents certain questions of construction with which the average layman is wholly unfamiliar, and we are therefore unable to say after a careful reading of the evidence and inspection of the whole record that any substantial injustice has been done.

The instructions, while necessarily long, fairly presented to the jury the many issues made in the pleadings and referred to in the evidence, and it is apparent from the verdict that the jury took appellant's version of the controversy growing out of some of these numerous items, and therefore allowed her a credit of four

hundred dollars; but we are unable to determine which of the same were allowed, or to what extent.

The instructions having fairly submitted the issues, and the merits of the controversy having been considered by the jury, we see no reason to disturb its verdict.

Judgment affirmed.